Filed 1/3/24  P. v. Kinser CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>JOHN GLENN BURGDORF KINSER,<br><br>　　Defendant and Appellant. | G063242<br><br>(Super. Ct. No. BAF2001507)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Riverside County, Laura C. Garcia, Judge.  Affirmed.

Andrea Susan Bitar, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*　　　　\*　　　　\*

Defendant John Glenn Burgdorf Kinser repeatedly hit Vincent L. with an object and stole his keys and phone. A jury convicted Kinser of assault with a deadly weapon and robbery. (See Pen. Code, §§ 245, subd. (a)(1), 211.) The trial court imposed a three-year prison sentence. Kinser filed an appeal.

Under the procedures outlined in *Anders v. California* (1967) 386 U.S. 738 (*Anders*), and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), appointed appellate counsel filed an opening brief identifying "no cognizable . . . issues" on appeal. Kinser has not filed a supplemental brief on his own behalf. After independently reviewing the record, we affirm the judgment.


I

FACTS AND PROCEDURAL BACKGROUND

On September 11, 2020, Vincent was at a Hemet casino where he saw Kinser and Kinser's ex-girlfriend Jessica H. Vincent had known Kinser for about 21 years. Vincent would occasionally let Kinser sleep on his sofa. In the late evening, Vincent left the casino with Jessica H. and drove to his home, which was about 12 to 15 minutes away.

When Vincent arrived home he walked to the front door with his keys and phone in his hand. As Vincent went to unlock the front door, Kinser came at him with an object that was about two feet long and nine inches in circumference. Kinser said, "'You raped my girlfriend.'" Kinser then hit Vincent several times with the object, swinging it with both hands. Kinser hit Vincent in the head, stomach, back, and legs. Vincent tried to fend off the attack and started yelling for someone to call the police. Kinser eventually stopped and left on foot with Jessica. Kinser took Vincent's cell phone and keys, which had fallen to the ground.

After the attack, Vincent went to a nearby donut store, where he asked the employees to contact the police. A Hemet police officer arrived and contacted Vincent,

2

who was bleeding from his head and also had injuries to his hands and legs. The officer eventually used a computer program to create a photographic lineup array, which included a DMV picture of Kinser. Vincent identified Kinser in the photo lineup array, saying he was 90 percent sure.

The prosecution charged Kinser with assault with a deadly weapon other than a firearm and robbery. (Pen. Code, §§ 245, subd. (a)(1), 211.) Following a trial in which Vincent positively identified Kinser as his attacker, a jury convicted Kinser of both crimes. The trial court stayed the sentence as to the assault charge and imposed three years in state prison as to the robbery charge. (See Pen. Code, § 654.)

This court appointed counsel to represent Kinser on appeal. Appointed counsel filed an opening brief under the procedures set forth in *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738. Kinser has not filed a supplemental brief.

II

DISCUSSION

When a defendant's appointed appellate counsel identifies no arguable issues on appeal, an appellate court must independently review the record for arguable issues. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.) Generally, "an arguable issue on appeal consists of two elements. First, the issue must be one which, in counsel's professional opinion, is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

Appointed counsel directed this court's attention to one possible issue counsel had considered, but did not raise as an arguable issue on appeal: "Was appellant's right to due process violated by an improperly suggestive identification

3

procedure?"  (Boldfacing & capitalization omitted.)

This court has reviewed the record on appeal, and we find no arguable issues, including the issue identified by appointed counsel.  (See *People v. Johnson, supra,* 123 Cal.App.3d at p. 109 ["the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment"].)


III

DISPOSITION

The judgment is affirmed.


MOORE, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


MOTOIKE, J.


4